UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABINET ONKISO,<br><br>　　　　　Defendant. | Case No. CR22-106RSL<br><br>ORDER TERMINATING PROBATION |

This matter comes before the Court on defendant's motion for early termination of probation (Dkt. # 49) and the Government's response (Dkt. # 50). Having reviewed the briefing and the record herein, including defendant's letter to the Court (Dkt. # 48), the Court hereby GRANTS defendant's motion to terminate probation, effective May 30, 2025.

**I.    Background**

On July 20, 2023, defendant pleaded guilty to four counts of aiding and assisting in the preparation and presentation of a false and fraudulent tax return in violation of 26 U.S.C. § 7206(2). Dkts. # 1, 29. On November 30, 2023, this Court sentenced defendant to a two-year term of probation and 240 hours of community service. Dkt. # 42.

Defendant has completed the required 240 hours of community service through work at the Seattle Children's Alyssa Burnett Adult Life Center. Dkt. # 49 at 3, Ex. 1. His probation

Order Terminating Probation - 1

officer reports that he is on the minimal level of supervision. Dkt. # 50 at 3. He makes regular restitution payments and has currently paid $1,800 of the more than $200,000 restitution judgment. *Id*. His two year term of probation is set to expire on or about November 30, 2025. Dkt. # 49 at 2.

## II. Discussion

After a defendant has finished one year of probation, the Court may terminate probation early if, having considered the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable," the Court is satisfied that early termination "is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Here, defendant pleaded guilty to using his tax preparation business to falsify deductions for working class immigrants, who then used the resulting refunds to pay for everyday necessities or travel to their native countries to visit family. Dkt. # 49. Defendant earned a modest income as a tax preparer and did not directly profit from the illegal refunds, but his crimes did deprive the government of more than $212,000 in tax revenue. Dkts. # 49, 50. He has now completed all of his Court-ordered community service and recently completed a Ph.D. as part of his efforts to forge a new career path. Dkts. # 48, 49. Defendant stated in a February 5, 2025 letter to the Court that during his probation he has "learned the importance of accountability, self-discipline, and community engagement," and that going forward he is committed to "a life grounded in integrity and service." Dkt. # 48. The Government does not contest defense counsel's contention that defendant's record on probation has been "spotless," and the parties agree that defendant has been making regular restitution payments. Dkts. # 49, 50. Considering this record and the § 3553(a) factors, the Court finds that

Order Terminating Probation - 2

early termination is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C. § 3564(c). The termination of probation shall occur on May 30, 2025, at roughly the year-and-a-half mark of defendant's two-year term. The Court also reminds defendant that his obligation to pay restitution continues even after his probation is terminated.

### III.    Conclusion

For all the foregoing reasons, the Court GRANTS defendant's motion to terminate probation. The termination of defendant's probation shall be effective May 30, 2025.

DATED this 29th day of May, 2025.

_____
Robert S. Lasnik
United States District Judge

Order Terminating Probation - 3